
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PACIFIC RIM PAVING,<br><br>    Appellant,<br><br>    v.<br><br>DEPARTMENT OF LABOR AND<br>INDUSTRIES,<br>    Respondent. | DIVISION ONE<br><br>No. 69808-7-I<br><br>UNPUBLISHED OPINION<br><br>FILED: June 2, 2014 |

DWYER, J. – The Department of Labor and Industries rejected as untimely Pacific Rim Paving's appeal of an infraction for a violation of the contractor registration act, chapter 18.27 RCW. Pacific Rim now appeals the superior court's order dismissing its appeal of the Department's decision. Because Pacific Rim fails to establish error, we affirm.

I

On May 4, 2010, the Department of Labor and Industries mailed a notice of infraction and assessment of a $1,000 penalty for a violation of the contractor registration act to Pacific Rim Paving. The cover letter directed the recipient to do one of the following: (1) register as a contractor within 10 days for a reduced penalty of $500; (2) pay the $1,000 fine within 20 days; or (3) file an appeal. The letter includes the following paragraph regarding the third choice:

**3. File an appeal:** Per RCW 18.27.250, you may appeal your infraction in writing.
a. A statement with your specific reason for appealing, **AND**
b. A $200 CASHIERS CHECK (required) for each infraction, **AND**
c. Both must be received by this office within **20** days from the date of this letter (that date is located in the upper left hand corner). **_If you do not submit both your statement and the $200 certified check, it will not be considered an appeal, and your request will not be processed and will be denied._**

The infraction form includes the following paragraph:

You may contest this infraction at a hearing conducted pursuant to RCW 34.05. To contest (appeal) this infraction a written request specifying the grounds for the appeal and a certified check in the amount of two hundred dollars ($200) must be received within twenty (20) days of the mailing of this infraction. Appeals should include the infraction number(s) and be mailed to the Department of Labor and Industries at the address at the top of this infraction. Unless contested, the determination of the violation shall be final and penalty immediately due. If you are an unregistered contractor you bear the burden of proof that this infraction did not occur. If the infraction is against a registered contractor the burden of proof will be the responsibility of the Department. The hearing allows for all parties to subpoena witnesses, including the compliance officer who issued this infraction.

United States Postal Service records indicate that James Hanson, Pacific Rim's registered agent, provided a signature and accepted delivery of the Department's letter on May 20, 2010. On May 26, the Department received a document signed by Hanson on behalf of Pacific Rim and stating the following: "This notice is in protest of your infraction (#NSUMJ00457). L & I was unjustified in suspension of contractor's license. Infraction was not justified, so is mute. L & I continues to be in violation of the federal court order." Pacific Rim paid a $200 appeal bond on June 9.

On June 9, 2010, the Department sent a letter to Pacific Rim denying its appeal. Citing RCW 18.27.250, the letter provides the following reason:

> Appeal was not received within 20 days of service of the infraction. The infraction was placed in US mail on May 4, 2010. The appeal request and $200 appeal bond had to have been received on or before the close of business of May 24, 2010 to be accepted as timely.

Pacific Rim appealed the decision to the Skagit County Superior Court. After briefing and argument, the court granted the Department's motion to dismiss the case based on Pacific Rim's failure to perfect its appeal of the infraction to the Department pursuant to RCW 18.27.250.

Pacific Rim appeals.

II

Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of administrative agency decisions. RCW 34.05.510. We apply the standards of RCW 34.05 directly to the record before the Department, sitting in the same position as the superior court. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We review the Department's legal conclusions de novo, giving substantial weight to the Department's interpretation of the statute it administers. City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wn.2d 38, 46, 959 P.2d 1091 (1998).

Pacific Rim bears the burden of demonstrating the invalidity of the Department's rejection of its request for an appeal as untimely. RCW 34.05.570(1)(a). Without specifying statutory grounds for relief, Pacific Rim contends that the Department's action was based on an erroneous interpretation

3

of the contractor registration act and violated the APA and due process. To prevail, Pacific Rim must demonstrate that the Department's action was unconstitutional or arbitrary and capricious. See RCW 34.05.570(4)(c)(i), (iii). An agency's decision is arbitrary and capricious if it is the result of willful and unreasoning disregard of the facts and circumstances. Overlake Hosp. Ass'n v. Dep't of Health, 170 Wn.2d 43, 50, 239 P.3d 1095 (2010).

Pacific Rim first contends that the 20-day period allowed for challenging an infraction does not begin until the contractor receives actual notice of the infraction, either by personal service or by mail, as demonstrated by a returned receipt. We disagree.

The legislature has directed the Department to strictly enforce the contractor registration act. RCW 18.27.005 provides:

> This chapter shall be strictly enforced. Therefore, the doctrine of substantial compliance shall not be used by the department in the application and construction of this chapter. Anyone engaged in the activities of a contractor is presumed to know the requirements of this chapter.

At the time the Department mailed the notice in May 2010, former RCW 18.27.230 (Laws of 2007, ch. 436, § 12) provided in part:

> The department may issue a notice of infraction if the department reasonably believes that the contractor has committed an infraction under this chapter. A notice of infraction issued under this section shall be personally served on the contractor named in the notice by the department's compliance inspectors or service can be made by certified mail directed to the contractor named in the notice of infraction at the contractor's last known address of record.

And former RCW 18.27.250 (Laws of 2007, ch. 436, § 14) provided in pertinent part:

4

> If a party desires to contest the notice of infraction, the party shall file a notice of appeal with the department specifying the grounds of the appeal within twenty days of service of the infraction in a manner provided by this chapter. The appeal must be accompanied by a certified check for two hundred dollars . . . .

According to RCW 18.27.010(11),

> "Service," except as otherwise provided in RCW 18.27.225 and 18.27.370, means posting in the United States mail, properly addressed, postage prepaid, return receipt requested, or personal service. Service by mail is complete upon deposit in the United States mail to the last known address provided to the department.

Without any explanation or authority, Pacific Rim relies on language in the current version of RCW 18.27.370 to support its claim that service by mail is not complete until proved by a returned receipt. See former RCW 18.27.370 (Laws of 2011, ch. 301, § 3, ch. 15, § 3). But in May 2010, former RCW 18.27.370 included provisions for serving notices of assessments and warrants for payment defaults, procedures not relevant here, and did not refer to service of a notice of infraction. See former RCW 18.27.370 (Laws of 2001, ch. 159, § 6). Nothing in that section contradicts the application of the rule that service is "complete upon deposit in the United States mail," when the Department chooses service by mail to serve a contractor with a notice of infraction. Former RCW 18.27.250; RCW 18.27.010(11).

Similarly, Pacific Rim offers no support for its bald claim that the APA prohibits consideration of the date of mailing as the date of service in RCW 34.05.413(3). RCW 34.05.413(3) provides only:

> An agency may provide forms for and, by rule, may provide procedures for filing an application for an adjudicative proceeding. An agency may require by rule that an application be in writing and that it be filed at a specific address, in a specified manner, and

within specified time limits. The agency shall allow at least twenty days to apply for an adjudicative proceeding from the time notice is given of the opportunity to file such an application.

Nothing in this section prohibits consideration of the "time notice is given" as the day that service by mail is complete, as contemplated by RCW 18.27.010(11) and former RCW 18.27.250.

Moreover, Pacific Rim's claim of a due process violation is nothing more than a complaint of unfairness. Obviously, Pacific Rim would prefer a rule requiring the Department to provide actual notice to a contractor, followed by at least 20 days to apply for an adjudicative proceeding. Such policy concerns are better addressed to the legislature. Appellate courts do not rewrite statutes or create policy. See Sedlacek v. Hillis, 145 Wn.2d 379, 390, 36 P.3d 1014 (2001).

Pacific Rim also claims that the Department failed to properly address the envelope in which it mailed the notice of infraction, as required by RCW 18.27.010(11), by using the wrong name for the holder of the contractor's license. Pacific Rim claims that the correct name is "Pacific Rim Paving Inc." But the Department produced a record from its contractor registration website on October 31, 2011, showing the registered contractor for license number "PACIFRP930JC," as "PACIFIC RIM PAVING" with a parent company listed as "PACIFIC RIM CONSTRUCTION INC." The infraction form lists the business name as "Pacific Rim Paving" with license number "PACIFRP930JC." Pacific Rim fails to establish error in this regard.

In sum, Pacific Rim fails to demonstrate that the Department's decision to deny as untimely its application for an appeal of the notice of infraction was

unconstitutional or arbitrary and capricious. The Department completed service by mail on May 4, 2010 and did not receive a written statement with reasons for an appeal and a $200 cashier's check for an appeal bond within 20 days thereof. Pacific Rim fails to demonstrate error in the Department's rejection of the letter filed May 26 and the bond filed June 9. The superior court did not err in granting the Department's motion to dismiss.

Affirmed.

We concur: